FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

October 31, 2025

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANDREW J. REVILLA,

     Petitioner - Appellant,

v.

STEVEN HARPE, Director of the
Oklahoma Department of Corrections,

    Respondent - Appellee.

No. 25-6031
(D.C. No. 5:22-CV-00658-SLP)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Petitioner Andrew J. Revilla ("Petitioner") seeks a certificate of appealability

(COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See*

28 U.S.C. § 2253(c)(1)(A). We deny a COA and dismiss this matter.

I

An Oklahoma jury found Petitioner guilty of two counts of lewd molestation and

one count of forcible sodomy with a victim under 16 years of age. The Court sentenced

him to consecutive twenty-year terms in prison on each count. Petitioner appealed his

conviction, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sentence. He unsuccessfully sought state post-conviction relief and then filed a § 2254 habeas petition in federal court.

Petitioner asserted five grounds for relief in his petition. The magistrate judge initially recommended that the district court grant habeas relief on a sub-argument in ground one—for prosecutorial misconduct based on the prosecutor's improper vouching for the truthfulness of the victim's testimony. The State objected to the magistrate judge's report and recommendation. The district court declined to adopt it. The district court instead rejected habeas relief on the sub-argument.

The magistrate judge then considered the remaining grounds and issued a supplemental report ("supplemental R&R"), recommending that the district court deny habeas relief on the remaining grounds. Those grounds included:

> Ground One – prosecutorial misconduct based on eliciting improper propensity evidence, suggesting facts outside the evidence and invoking sympathy for the victim; Ground Two – improper evidence of other crimes and bad acts rendered Petitioner's trial fundamentally unfair; Ground Three – an overly broad limiting instruction on impeachment evidence rendered Petitioner's trial fundamentally unfair; Ground Four – ineffective assistance of appellate counsel; and Ground Five – the State of Oklahoma lacked jurisdiction.

Aplt. App. at 9.

Petitioner objected to the supplemental R&R, taking issue only with the ground one sub-argument the district court previously denied. Because Petitioner's objection reasserted already rejected arguments, the district court, "adhered to its previous determination that habeas relief should be denied as to Petitioner's claim raised in Ground One that the prosecutor improperly vouched for the veracity of the complaining

2

witness[]." *Id.* at 10-11.  As to the remaining grounds, the district court determined

Petitioner had waived review by not objecting to the findings made in the supplemental

R&R.  The court therefore adopted the supplemental R&R and denied Petitioner's habeas

petition.

Petitioner now seeks a COA to appeal from the denial of his habeas petition.

II

We will issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right."  § 2253(c)(2).  This standard requires the applicant to

demonstrate that "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a state court has adjudicated the merits of a claim, a federal court may grant habeas

relief only if the state court decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of

the United States," § 2254(d)(1), or "was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

III

Petitioner seeks a COA to appeal the denial of his claim for prosecutorial

misconduct based on impermissible vouching for the victim, C.D.[1]  Because Petitioner

---

[1] Although Petitioner mentions the other three sub-arguments from ground one, the only sub-argument that is properly before us is the sub-argument that the prosecutor improperly vouched for the victim's credibility.  As the district court explained, Petitioner waived review of the remainder of the sub-arguments in ground one by not objecting to the findings related to them in the supplemental R&R.  *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("[A] party who fails

did not object during trial to the prosecutor's comments, the OCCA reviewed this claim for plain error to determine whether the alleged misconduct so infected the trial as to render it fundamentally unfair. It found that the prosecutor did not personally vouch for C.D.'s credibility, and it further found the cumulative effect of the prosecutor's questions and comments did not deny Petitioner a fair trial.

In its order denying Petitioner's claim for prosecutorial misconduct based on impermissible vouching, the district court found that no Supreme Court authority clearly established that, under federal law, improper vouching itself violates a defendant's constitutional rights. The district court thus concluded Petitioner was not entitled to habeas relief under § 2254(d)(1) because the OCCA had not unreasonably applied clearly established federal law. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)).

The district court next considered whether the OCCA unreasonably applied the more general rule that remarks made during trial that so infect the trial with unfairness can result in a due process violation. The court explained that "[t]he prosecutor did not express personal belief in C.D.'s credibility or awareness of information withheld from the jury. To the contrary, the prosecutor fairly argued that C.D.'s testimony was believable based on the evidence at trial." Aplt. App. at 79. The court further explained that "the prosecutor's statements constituted a reasonable response to the defense argued by . . . [Revilla]," noting that "[t]hroughout the trial, defense counsel argued and elicited

---

to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.").

testimony that C.D. lied, directly challenging her credibility." *Id.* at 80. It concluded that "[o]n the record presented, the OCCA's decision that the prosecutor's statements did not constitute vouching is reasonable," and therefore "Petitioner's trial was not rendered fundamentally unfair." *Id.* at 81.

Alternatively, the district court determined that even if one or more of the statements could be considered impermissible vouching, Petitioner had not shown that the OCCA's finding that his trial was not rendered fundamentally unfair is contrary to, or an unreasonable application of, clearly established law. The district court explained, "the prosecutor's comments were directed at the credibility of C.D., an issue defense counsel put in play and repeatedly challenged throughout the case. Moreover, the jurors were instructed that they alone were to determine the credibility of witnesses and that the statements or arguments of counsel were not evidence." *Id.* at 82. The court stated it had "reviewed the entirety of the trial proceedings" and found Petitioner had "failed to satisfy the substantially high burden of showing the OCCA's decision was not merely incorrect, but unreasonable." *Id.*

In his opening brief/COA application Petitioner fails to explain how the district court's resolution of this constitutional claim is debatable amongst jurists of reason; he is therefore not entitled to a COA. Instead, he begins with copying almost verbatim his prosecutorial-misconduct section from his habeas petition, *compare* Aplt. Opening Br. at 13-18 *with* Aplt. App. at 144-148. Petitioner adds only one conclusory statement to the discussion of the improper-vouching sub-argument with no further explanation, *compare* Aplt. Opening Br. at 17 ("Improperly bolstering the credibility of the complaining

witness is a foul blow, *and the District Court's resolution of this claim should be debatable among reasonable jurists*." (emphasis added)), *with* Aplt. App. at 147 ("Improperly bolstering the credibility of the complaining witness is a foul blow and a new trial must be granted."). He also includes his objections to the supplemental R&R as argument in his opening brief, *compare* Aplt. Opening Br. at 18-26 *with* Aplt. App. at 20-27, but those objections do not acknowledge or discuss the district court's reasoning in denying the improper-vouching claim.

Other than the conclusory statement noted above, Petitioner mentions the district court's decision only one other time. He states (without further explanation or argument tied to the district court's reasoning) that "[t]his Court should determine that the District Court's determination of factual issues is debatable among jurist[sic] as relating to a Fourteenth Amendment violation." Aplt. Opening Br. at 13.

Given the lack of developed argument as to how reasonable jurists could debate the district court's decision on the improper-vouching claim, Petitioner has not shown entitlement to a COA. Accordingly, we deny a COA for substantially the same reasons stated by the district court in its order filed January 3, 2024 and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk